# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-117-FDW-DCK

| | |
|---|---|
| DON BRADLEY WALLACE, | ) |
|       Plaintiff, | ) |
| v. | )    **ORDER** |
| UNITED STATES OF AMERICA, | ) |
|       Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on a filing by the *pro se* Plaintiff that is construed by the Court as a "Motion To Amend Complaint" (Document No. 10) filed May 17, 2017; and Defendant's "Rule 12(b)(1) And/Or 12(b)(6) Motion To Dismiss" (Document No. 9) filed May 11, 2017. The motion to amend has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review of both motions is now appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion to amend, and order that the pending motion to dismiss be denied as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v.

Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001));  see also, Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court."  Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

By the pending motion, *pro se* Plaintiff Don Bradley Wallace ("Plaintiff" or "Wallace") contends that the Clerk of Court failed to properly docket Plaintiff's "Complaint" (Document No. 1) filed on March 8, 2017.  (Document No. 10).  Plaintiff contends the Complaint is missing a page and has pages out of sequence.  Id.  In the interests of efficient case management and judicial economy, the Court need not determine the source of the alleged error in filing/docketing.

Under the circumstances, the Court construes the pending motion as a request to amend the existing Complaint (Document No. 1).  Since Plaintiff's motion to amend was filed within 21 days of the pending motion to dismiss it should be allowed "as a matter of course" pursuant to Fed.R.Civ.P. 15(a)(1)(B).  Moreover, the undersigned is not persuaded there is evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend;  therefore, the undersigned will order Plaintiff to file an Amended Complaint which will supersede the original Complaint.  Plaintiff is respectfully advised to consider the arguments presented in Defendant's motion to dismiss, as well as the requirements Rule 8 of the Federal Rules of Civil Procedure, prior to filing an Amended Complaint.

In addition, the undersigned will direct that Defendant's "Rule 12(b)(1) And/Or 12(b)(6) Motion To Dismiss" (Document No. 9) be denied as moot.  This decision is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

2

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Motion To Amend Complaint" (Document No. 10) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **May 30, 2017**.

**IT IS FURTHER ORDERED** that Defendant's "Rule 12(b)(1) And/Or 12(b)(6) Motion To Dismiss" (Document No. 9) is **DENIED AS MOOT**.

Signed: May 17, 2017

David C. Keesler
United States Magistrate Judge